UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ROSETTA BURGESS,                          :
                                          :    Civil No. 04-2620
            Plaintiff,                    :    Hon. Faith S. Hochberg, U.S.D.J.
      v.                                  :
                                          :    OPINION
PATERSON BOARD OF EDUCATION,[1]           :
                                          :
            Defendant.                    :
                                          :
_____

**HOCHBERG, District Judge**,

      Before the Court are the parties' Cross Motions for Summary Judgment[2] pursuant to Federal Rule of Civil Procedure 56.  Plaintiff seeks expert fees and other costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B).  Defendant seeks judgment in its favor, asserting that Plaintiff is not a prevailing party and even if she were, she is not entitled to costs for lay advocacy fees.  For the reasons expressed in this Opinion, Plaintiff's Motion for Summary Judgment is granted in part and denied in part.  Defendant's Motion for Summary Judgment is granted in part and denied in part.

---

   [1] Defendant is actually the State Operated School District of Paterson but was improperly pled by Plaintiff as the Paterson Board of Education.

   [2] While Plaintiff's Motion for Summary Judgment does not appear on the docket in this matter, Plaintiff submitted such motion to this Court on May 3, 2005, in response to Defendant's Motion for Summary Judgment.  On June 2, 2005, this Court ordered further briefing from both sides on the issues contained in the cross-motions.  Even though Plaintiff's Motion was not formally docketed in this matter, in the interest of justice, the Court will entertain the Motion as if it had been properly filed because Defendant has had ample opportunity to respond to it and because pro se pleadings are held to less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a special education due process action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., commenced by Rosetta Burgess on behalf of her son, A.B., a child classified with a learning disability in the State Operated School District of Paterson ("Paterson" or "the District"). Plaintiff claims that after Paterson denied her son a free appropriate public school education, she sought out consultation from, and eventually retained, the Parent Information Center of New Jersey, Inc. in order to remedy the injustice she believed had been done to her son. She claims that many efforts were made to settle the case but the school board insisted that A.B. be placed in a private school for emotionally disturbed children.

On August 25, 2003, Plaintiff filed a request for due process with the Department of Education, stating that the District:

1. Violated agreements made at a June 20, 2003 manifestation Determination Meeting held at Rosa Parks H.S., Paterson, N.J.
2. Failed to provide written notice of cancelled meeting of July 21, 2003.
3. Failed to disclose the Neuropsychiatric Report of Dr. Gallina from July 9, 2003.
4. Failed to evaluate A.B. in all areas of suspect disability, specifically a Speech/Language evaluation and comprehensive Central Auditory Processing/Audiologic evaluation.
5. Improperly re-classified A.B. from Multiply Handicapped to Specific Learning Disability.
6. Failed to provide an Individual Education Program ("IEP") for the 2003-2004 school year.
7. Failed to provide an appropriate placement for the 2003-2004 school year, resulting in the need for home instruction.
8. Failed to provide Transition Services.
9. Improperly retained A.B., due to his failing math and science.
10. Failed to provide related service of Speech/Language for which we seek three years if compensatory services.

Plaintiff's Due Process Petition.

Following the filing of the Due Process Petition, Plaintiff and the District settled the action. The settlement was approved by the Office of the Administrative Law on November 17, 2003. The agreement placed A.B. at the District's Eastside High School for the remainder of the 2003-2004 school year upon completion of an IEP, provided for a vocational assessment of A.B., and the possibility of reclassification for A.B. The District did not admit to any of Plaintiff's allegations and both parties entered into the settlement agreement because both parties agreed that it was in A.B.'s best interests.

On June 9, 2004, Plaintiff filed the instant action in this Court, seeking costs as a prevailing party. Plaintiff seeks payments of her fees for services provided by Barbara Johnson, R.N. and Marilyn Arons, M.S., both non-lawyers working for the Parent Information Center. In support of her requests for fees, Plaintiff has submitted invoices from Ms. Arons and a Certification for Ms. Johnson, along with an estimate of costs incurred. Plaintiff seeks reimbursement for 9 hours of Ms. Arons' time at the rate of $200 per hour or a total of $1,800. She seeks reimbursement for 29 hours of Ms. Johnson's time at the rate of $150 per hour for a total of $4,350.00. She also seeks unspecified amounts for "court costs . . . filing fee, photocopying, gas and tolls."

**APPLICABLE LAW**

    1.    **Summary Judgment Standard**

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988). A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable fact finder could return a verdict in favor of the nonmovant. Liberty Lobby, 477 U.S. at 248; In re Headquarters Dodge, 13 F.3d 674, 679 (3d Cir. 1993).

### 2. Legal Standard

Plaintiff seeks costs (including expert fees) under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. This statute provides in relevant part:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). Accordingly, pursuant to § 1415(e)(4), the plaintiff is required to show that she is the "prevailing party" to recover fees and costs. E.M. v. Millville Bd. of Educ., 849 F. Supp. 312, 316 (D.N.J. 1994) ("To recover attorney's fees and costs under the IDEA, a parent must show that she is a prevailing party."); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("A plaintiff must be a 'prevailing party' to recover an attorney's fee award under [42 U.S.C.] § 1988."). The burden lies with the parent or guardian to show that she is the prevailing party and the requested amounts are reasonable. S.D. v. Manville Bd. of Educ., 989 F. Supp. 649, 654-56 (3d Cir. 1998); see P.G. v. Brick Twp. Bd. of Educ., 124 F. Supp.2d 251, 261 (D.N.J. 2000).

### 3. Prevailing Party

The test to determine prevailing party status is well-established in this Circuit. P.G., 124 F. Supp.2d at 259. The test, which is essentially two-part inquiry, requires a court to determine whether: "(1) the plaintiff obtained relief on a significant claim in the litigation; and (2) there is a causal connection between the litigation and the relief obtained from the defendant." Id.; see also Holmes v. Millcreek Twp. Sch. Distr., 205 F.3d 583, 593 (3d Cir. 2000).

#### A. Relief on a Significant Claim

"In determining whether a party has met the first prong of the prevailing party test, a court should compare the relief plaintiff sought from the lawsuit with the relief eventually obtained." S.D., 989 F. Supp. at 654-55. "Plaintiffs will be prevailing parties even though the relief they obtained is not identical to the relief they specifically demanded, as long as the relief obtained is of the same general type." Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 911 (3d Cir. 1985). Generally, a plaintiff is a prevailing party if he succeeds on "any significant issue in litigation which achieved some of the benefit sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Farrar v. Hobby, 506 U.S. 103, 111 (1992) (holding that a party who has obtained an enforceable judgment as to the party against whom fees are sought is a prevailing party). "A party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." J.O. v. Orange Township Board of Education, 287 F.3d 267, 271 (3d Cir. 2002). "[A]s long as a plaintiff achieves some of the benefit sought in a lawsuit, even though the plaintiff does not ultimately succeed in securing a favorable judgment, the plaintiff can be considered the prevailing party for purposes of a fee award." Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991). At a minimum,

to succeed a plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas Teachers Ass'n v. Garland Sch. Dist., 489 U.S. 782, 792 (1989).

Courts in this Circuit have held that "a stipulated settlement [can] confer prevailing party status under certain circumstances." John T. v. The Delaware Cty. Intermediate Unit, 318 F.3d 545, 558 (3d Cir. 2003). To confer such status, the stipulated agreement must be "judicially sanctioned," i.e., it must: (1) contain mandatory language; (2) be entitled "Order;" (3) bear the signature of the judge, not the parties' counsel; and (4) provide for judicial enforcement. Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002).

### B.     Causation

The Court must then turn to the second prong of the prevailing party test, i.e., causation. In deciding causation, the Court must determine "whether the litigation constituted a material contributing factor in bringing about the events that resulted in obtaining the desired relief." S.D., 989 F. Supp. at 655 (quoting Metropolitan Pittsburgh Crusade for Voters v. Pittsburgh, 964 F.2d 244, 250 (3d Cir. 1992)). While there must be some causal relationship between the lawsuit and the relief obtained, "the plaintiff's lawsuit need not be the sole cause of defendant's action." Metropolitan, 964 F.2d at 250. In addition, the district court must apply the most expansive definition of causation. Hughes v. Lipscher, 852 F. Supp. 293, 304 (D.N.J. 1994).

### 4.     Costs

"As a general principle, the Supreme Court has held that a court may not shift costs beyond those found in 28 U.S.C. § 1920 without express statutory authority to do so." P.G., 124 at 266. While the IDEA permits "attorneys' fees as part of the costs to be awarded to the parents

of a child with a disability who is the prevailing party," it fails to specify what constitutes an allowable cost. 20 U.S.C. § 1415(i)(3)(B). Expenditures such as photocopying, travel, long distance telephone and postage have been awarded to prevailing IDEA plaintiffs as part of their attorney fee awards. See, e.g., B.K. v. Toms River Bd. of Educ., 998 F.Supp. 462, 476 (D.N.J. 1998); Bailey v. District of Columbia, 839 F. Supp. 888, 891-92 (D.D.C. 1993).

This Court has held that expert fees may be awarded to plaintiffs as costs under the IDEA, e.g., Arons v. N.J. State Bd. of Educ., 842 F.2d 58, 62-63 (3d Cir. 1988); B.K. v. Toms River Bd. of Educ., 998 F. Supp. 462, 473 n.14 (D.N.J.1998); Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313, 1323-24 (D.N.J.1991). These expert services "must have been 'necessary for the preparation of the parent['s] . . . case in the action or proceeding.' " E.M. v. Millville Bd. of Educ., 849 F. Supp. 312, 317 (D.N.J.1994) (quoting Field, 769 F. Supp. at 1323). Plaintiff must also submit sufficient supporting documentation and the expert fees must be reasonable. B.K., 998 F. Supp. at 473.

## ANALYSIS

Plaintiff claims that she is a prevailing party because prior to filing her request for a due process hearing, Paterson continually insisted that her son should be placed in a private school outside of Defendant's district. Plaintiff also contends that filing her request for a hearing resulted in the Paterson school district agreeing to: (a) place her son in the public school system of Paterson; and (b) provide special services to him. In obtaining the relief she sought, Plaintiff claims that she relied on the expertise of both Ms. Barbara Johnson and Ms. Marilyn Arons. She claims that Ms. Johnson provided consultation services in working with the school district, attending IEP meetings, interpreting reports, working with Plaintiff's son, and explaining

program and placement options.  Plaintiff claims that Ms. Arons analyzed the evaluations of her son, made a site visit to observe his musical abilities relative to transition planning, and wrote an IEP to reflect his unique learning needs.

Defendant claims that Plaintiff is, at best, a prevailing party on only a small component of the due process case.  Defendant argues that a comparison of the relief requested with the relief obtained indicates that Plaintiff obtained only a small portion of what she requested.  Defendant also argues that Plaintiff fails on the causation prong because the relief Plaintiff obtained is not very different from what Defendant had originally offered Plaintiff.  In addition, Defendant claims that Plaintiff cannot be considered a prevailing party because the settlement agreement contained language that neither side admits to the assertions of the other.  Finally, Defendant maintains that even if the Court determines that Plaintiff was a prevailing party, she should not be reimbursed for the costs associated with either:  (1) Ms. Johnson's time because she served as a lay advocate rather than as a consultant; or (2) at least a portion of Ms. Arons' time because such time was spent in areas where Plaintiff was unsuccessful.

The Court finds that Plaintiff is a prevailing party even though she did not obtain all of the relief she requested because she prevailed on a significant claim in the litigation, i.e., a placement for her son for the 2003-2004 school year in the Paterson district and completion of a new IEP.  While Defendant claims that Plaintiff is not entitled to the costs of her expert/consultant because the settlement agreement contained language that "neither side admits to the positions and assertions of the other," such a requirement is not established by pertinent caselaw.  Settlement agreements commonly contain language that neither side admits to the positions of the other side and the Third Circuit has nonetheless held that settlement agreements

8

can confer prevailing party status.  The settlement agreement at issue has also been "judicially sanctioned," i.e., it contains mandatory language, is entitled "Order;" bears the signature of a judge, and provides for judicial enforcement.

Additionally, this Court finds that Plaintiff has satisfied the causation requirement because Plaintiff's request for a due process hearing constituted a material contributing factor in bringing about the events that resulted in obtaining the desired relief.  Prior to Plaintiff's request for a due process hearing, the District insisted that Plaintiff's son should be classified as emotionally disturbed and sent to a private school for emotionally disturbed children.  Plaintiff's demand for a due process hearing constituted a material contributing factor in bringing about the events that resulted in obtaining the main objective of the hearing, i.e., a placement for her son in the Paterson public schools for the 2003-2004 school year.  See S.D., 989 F. Supp. at 655.

With respect to Plaintiff's request for the costs of expert and consultant fees, Defendant argues that Plaintiff should not be reimbursed for Ms. Johnson's time because she billed for time spent as a lay advocate rather than as a consultant/expert.  Ms. Johnson submitted a Certification for 29 hours of time spent as a consultant on Plaintiff's behalf.  This time was spent reviewing records in preparation for the Due Process Hearing, compiling an evidence list, preparing questions for witnesses in preparation for the Due Process Hearing, reviewing documents to be presented at the Due Process Hearing, preparing a proposed settlement agreement and working on a settlement agreement.  As stated by the Third Circuit in Arons v. New Jersey State Board of Education, 842 F.2d 58, 62 (3d Cir. 1988), "although we appreciate the difficulty of trying to allocate between compensable time spent in consultation and noncompensable time spent in legal representation, the task is not insurmountable."  In this case, the Court finds that Ms. Johnson's

9

fees should be tailored to remove time spent as an advocate, including: (1) time spent preparing her evidence list; (2) time spent preparing questions for witnesses for the Due Process Hearing; (3) reviewing documents to be presented at the scheduled Due Process Hearing; (4) preparing the proposed settlement agreement; and (5) 5 ½ hours spent at the Office of the Administrative Law working on a settlement agreement.  Therefore, based on Ms. Johnson's certification, a total of 12 hours will be allowed and a total of 17 hours will be trimmed.  Ms. Johnson's reasonable hourly rate is $150.  Therefore, Plaintiff will be awarded costs in the amount of $1,800 for Ms. Johnson's consulting work.

      Defendant also asks this Court to cut Ms. Arons' costs for the time she spent in areas where Plaintiff was unsuccessful.  Ms. Arons spent a total of 9 hours on Plaintiff's case.  She spent one half hour discussing with Plaintiff the need for an expert witness, what to put in Ms. Arons' report and IEP, and about testifying on her behalf.  She spent a total of 6 hours reviewing reports, developing an IEP and writing the narrative portion of her report.  The day before the due process hearing was scheduled to begin, Ms. Arons spent 3 hours attending a church where A.B. was a drummer in furtherance of developing the transition component of his IEP.[3]  The case was settled on the hearing date.  Ms. Arons' reasonable hourly rate is $200.  Because it appears that Ms. Arons' work was necessary for preparation of Plaintiff's case and no part of her 9 hours is easily severable as a part on which Plaintiff was unsuccessful, the Court will award the $1,800 sought by Plaintiff for Ms. Arons' time.

---

    [3] Apparently, A.B. wished to become a professional musician but there was a "crucial question as to whether or not he was sufficiently talented so as to make this a legitimate career choice relative to the transition component of his IEP."  Ms. Arons has a degree and extensive background in music.

**CONCLUSION**

For the foregoing reasons, Plaintiff's application for costs is granted in part and denied in part.[4] Plaintiff will be awarded $3,750 in costs as a prevailing party. Because the Court has determined that Plaintiff is a prevailing party but not entitled to reimbursement for Ms. Johnson's lay advocacy fees, Defendant's Motion for Summary Judgment is granted in part and denied in part. An appropriate order will issue.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[4] Plaintiff requests costs for the filing fee in this action, photocopying, gas and tolls. However, Plaintiff provides no proof of payment, bills or evidentiary support for having paid such costs with the exception of the filing fee. Supporting documentation is required for an award of costs, see, e.g., B.K. 998 F. Supp. at 473 n.14, in order to determine their reasonableness. Plaintiff's request for the cost of the filing fee, $150, is granted but her request for costs associated with gas, tolls and photocopying is denied.